UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

v.

BRIAN TAYLOR SUMNER,

        Defendant.

Criminal No. 2:20cr59-01

## **ORDER**

Before the Court is the Government's Motion to Continue Trial. ECF No. 78. For the following reasons, the Government's Motion to Continue Trial (ECF No. 78) is **GRANTED**. The trial date of March 16, 2021 is **STRICKEN**.

### I.    BACKGROUND

On July 24, 2020, a Sealed Indictment was returned and filed in open court indicting Defendant Brian Taylor Sumner and his co-defendants on multiple counts relating to conspiracy to distribute drugs. ECF No. 3. Defendant made his initial appearance on September 18, 2020. Minute Entry, ECF No. 31. He was released on a personal recognizance bond with pretrial supervision. Release Order, ECF No. 34.

On October 22, 2020, the Parties appeared before a Magistrate Judge for arraignment proceedings. Minute Entry, ECF No. 49. A jury trial was set then for March 16, 2021. *Id.* Constitutional "Speedy Trial" rights were waived by agreement of the Parties because of the complexity of the case and in the interests of justice. *Id.*

Defendant has violated the conditions of release and has escaped this Court's supervision. Mot. to Continue at 1, ECF No. 78. Defendant remains a fugitive. *Id.* The

1

Government moves for a continuance based upon "[D]efendant's absence and unavailability for trial." *Id.* It requests that trial be continued until Defendant is apprehended. *Id.* Defense counsel does not object to the Motion. *Id.* at 2.

## II. LEGAL STANDARDS

"[D]istrict courts have broad discretion in determining whether to grant or deny a request for a continuance." *United States v. Johnson*, 683 F. App'x 241, 251 (4th Cir. 2017); *see also United States v. Lawrence*, 161 F.3d 250, 254 (4th Cir. 1998) ("A district court is entitled to broad discretion with respect to a decision to deny a continuance."). A district court abuses its discretion with "unreason[able] and arbitrary insistence on expeditiousness in the face of a justifiable request for delay." *United States v. Bakker*, 925 F.2d 728, 735 (4th Cir. 1991) (quoting *Morris v. Slappy*, 461 U.S. 1, 11 (1983)).

When deciding a motion for a continuance, the Court must bear in mind the rights of the defendant and the public provided by the Speedy Trial Act. 18 U.S.C. § 3161. In exercising its discretion to grant a continuance, the Court must specifically find that the ends of justice to be served by a continuance of the trial date "outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). "In doing so, the [Court] must consider: whether failure to grant the motion would result in a miscarriage of justice; whether the case is unusual or complex; and whether the failure to grant such a continuance would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or

2

the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *United States v. Ellis*, 781 F. App'x 271, 272 (4th Cir. 2018) (citing 18 U.S.C. § 3161(h)(7)(B)(i)–(iv)).

Pursuant to 18 U.S.C. § 3161(h)(3)(A), time resulting from delay caused by the unavailability or absence of a defendant is excluded from the speedy trial calculation. This includes time accrued where the defendant is, or co-defendants are, at large. *See, e.g., United States v. Trotman*, 406 F. App'x 799, 807 (4th Cir. 2011) (seventeen-year delay between indictment and defendant's trial did not violate Speedy Trial Act because defendant fled and remained a fugitive for fifteen years); *United States v. Eccleston*, 615 F. App'x 767, 776 (4th Cir. 2015); *United States v. Izegwire*, 371 F. App'x 369, 373 (4th Cir. 2010); *United States v. Wearing*, No. 3:04cr0092, 2005 WL 1221826, at *1 (W.D. Va. May 23, 2005) ("[T]he time resulting from the delay caused by [co-defendant's] fugitive status will be excluded . . . from speedy trial calculation."); *Wackman v. United States*, No. WDQ060427, 2011 WL 5848978 (D. Md. Nov. 17, 2011) (holding that defendant's fugitive status in addition to other factors justified a later trial date).

### III. ANALYSIS

The delay in this trial is justified. The delay is due to the absence and unavailability of Defendant. This time is excluded under the Speedy Trial Act. *See Trotman*, 406 F. App'x at 807. Defendant was released on a personal recognizance bond in July 2020. Defendant has absconded supervision and remains a fugitive. Mot. to Continue at 1, ECF No. 78.

3

Defendant is of course responsible for his fugitive status and therefore he is also responsible for the delay. This factor favors granting the Government's unopposed motion. Accordingly, the Court finds that the ends of justice being served by a continuance of Defendant's trial date "outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

## IV. CONCLUSION

For the foregoing reasons, the Government's unopposed Motion to Continue Trial (ECF No. 78) is **GRANTED**. The trial date for Defendant's trial is **STRICKEN**. Counsel shall confer and contact the Courtroom Deputy within ten days of the date of this Order to agree upon a strategy for rescheduling the trial.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

March 11, 2021
Norfolk, Virginia